FILED
APRIL 20, 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

United States District Court
Northern District of Illinois
Eastern Division

RECEIVED
APR 12 2011
APR 12 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| Alex Daniel, Pro Se<br>Plaintiff<br><br>v.<br><br>Dr Capotis, Bone Specialist<br>Thomas J. Dart, Sheriff of Cook County; Cook County; Correctional Officers Kozel and Moore; Paramedic Lou ; Nurse Karen; John Doe, Bone Specialist; cook County Bureau of Health Services and Cermak Health Services of Cook County and Dr. Gowa<br>Defendants. | Case no. 11-CV-2030<br>Judge Bucklo<br>Magistrate Judge Cox<br><br>Demand Trial By Jury Of Six (6) Under Rule 38(a) of The Fed. R. Civ. P. |

Amended **Civil Rights Complaint**

Plaintiff, Alex Daniel, by and appearing as a pro se litigant without an-appointed or paid attorney, files this civil rights complaint against Defendants Thomas J. Dart, Cook County Correctional Officers Kozel and Moore, Paramedic Lou , Nurse Karen, John Doe, Bone Specialist, Cook County Bureau of Health Services and Cermak Health Services, and avers as follows.

## Nature of Claim

1. This action arises under the United States Constitution and federal statutes, specifically the civil rights Act of April of 1871, Title 42 U.S.C., and to redress the deprivations of the Civil rights of plaintiff through acts and/or omissions of the defendants who have committed those acts while acting under color of state of Illinois law. Specifically here, the Defendants deprived plaintiff of his rights under the Due Process and Equal Protection clauses of the

Fourteenth Amendment to the United States Constitution, as a Pretrial Detainee and while in the custody and care of Sheriff Thomas J. Dart here at the Cook County Jail/ CCDOC.

## Jurisdiction And Venue

2. This action is brought pursuant to 42 U.S.C. Sections 1983 and 1981 against Defendants who have acted under color of law, and Seeks to recover monetary damages for the deprivation of plaintiff's rights under the Fourteenth Amendment to the United States Constitution. Accordingly, the Court's jurisdiction exists pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343 (a) (3).

3. Venue is proper in the Northern District of Illinois pursuan to 28 U.S.C. Section 1391 (b) (2) because all or a substantial part

of the actions giving rise to the claims contained herein occurred within this judicial district.

## Previous Lawsuits by Plaintiff

4. Plaintiff has filed no other lawsuits dealing with the same facts involved in this action or otherwise relating to a fracture wrist, the inadequate medical care for it and a delay for months in receiving medical treatment and therapy, except that he filed a lawsuit in this Court whereby he alleged excessive force by Chicago Police Department ("CPD") officers. See exhibit C.

## Exhaustion of Administrative Remedies

5. Plaintiff have exhausted his Administrative remedies in this case, by filing a "CCDOC" grievances on this matter and filing an appeal therefrom it. See also, exhibit A and B.

## Parties

6. At all times herein mentioned, plaintiff, Alex Daniel was and is a citizen of the United States of America and State of Illinois, and that he had resided within the jurisdiction of the Northern District Court and is currently a Pretrial Detainee at the Cook County Jail, which is located at CCDOC, 2700 South California Avenue, P.O. Box 089002, Chicago, Illinois 60608. His jail's identification number is: 2007008 7244

7. Defendant Sheriff Thomas J. Dart operates the Cook County Department of Corrections ("CCDOC") as a division of the Cook County Sheriff's Office. Sheriff Dart is being sued only in his official capacity.

8. Defendant Cook County, Illinois is a municipal Corporation.

The Cook County Bureau of Health Services is one of its divisions. These entities are collectively referred to as "Cook County." It is being sued only in its official capacity in relatively to a custom or policy of the County.

9. Defendant Kozel, badge number is unknown, is a Correctional officer at the Cook County Jail and is an employee of Sheriff Dart and the CCDOC. Kozel is being sued in both his individual and official capacities.

10. Defendant Moore, badge number is unknown, is a Correctional Officer at the Cook County Jail and is an employee of Sheriff Dart and the CCDOC. Moore is being sued in both his individual and official capacities.

11. At all times herein

mentioned and relevant to this action, Dart, Kozel and Moore were duly appointed officers of the CCDOC and the Office of the Sheriff, and that they acted under color of law, to wit, under color of the Statutes, ordinances, regulations, policies, customs, and usages of the State of Illinois, the Cook County Sheriff's Office, and the CCDOC to violate plaintiff's rights under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. Sections 1983 and 1981.

12. At all times herein mentioned, Defendant Lou is based on information and belief, is a paramedic who are employed by Cermak Health Services, and that he provides Health Services to inmates at CCDOC. Paramedic Lou is being sued in both his official and individual capacities.

13. At all times herein mentioned, Defendant Nurse Karen is based upon information and belief, is a Nurse practicer that provides health care Services to inmates at CCDOC through Cermak Health Services. Mrs. Karen is being sued in both her Official and individual capacities.

14. On information and belief, Defendant John Doe, is based on reasonable Knowledge of plaintiff is a Bone Specialist, who was hired by Cermak Health Services to provide therapeutic medical care to us Detainees who are suffering with fractures of the bones. He is being sued in both his Official and individual capacities

15. On information and belief, Cermak Health Services is

part of the Cook County Bureau of Health. The doctors and other staff at Cermak Health services of Cook County are Cook County employees. It is being sued in its official capacity only for it instituting a custom or policy.

16. Dr. Gowa is a physician that provides medical care services to detainees at the CCDOC through Cermak Health Services. Dr. Gowa is being sued in both his official and individual capacities.

17. At all times relevant to this action, Dr. Gowa, paramedic Lou, Nurse Karen and John Doe were all health care personnel providing services to detainees of the CCDOC, and acted under color of law, to wit, under color of the Statutes, ordinances, regulations, policies, customs, and usages of the State of Illinois, the Cook County

Bureau of Health and Cermak Health Services to Violate the plaintiff's rights as are secured under 42 U.S.C. Sections 1983 and 1981, and the Fourteenth Amendment.

## Count I

(Against Dart, Cook County, Officers Kozel and Moore, Paramedic Lou, Nurse Karen, John Doe, Dr. Gowa, Cook County Bureau of Health Services and Cermak Health Services in their individual or official capacity, or both that have been stated above)

18. Plaintiff Alex Daniel realleges and incorporated paragraphs 6-17 above as stated fully herein.

19. While playing basket ball in the gym at the Cook County Jail on April 24, 2010, I had fractured my wrist in two (2)

Places. Plaintiff then immediately informed Correctional officers Kozel and Moore who were the Officers in that recreational area about his injury. Yet those officers told him that he would have to wait until all Detainees of 2-G were taken out of the gymnasium in order for him to be provided with medical treatment for his wrist injury, thereby they Showed deliberate indifference to his Serious medical needs in violation of his rights under the Fourteenth Amendment and 42 U.S.C. Section 1983.

20. Approximately 40 minutes to an hour later, plaintiff was taken downstairs to the dispensary by Officer and was seen by paramedic Lou who wrapped his left wrist arm with an ace bandages, put his forearm in a Sling and then put ice packs on his wrist while he was suffering with excruciating pains.

21. Plaintiff was next taken downstairs and held into a lockup cell where he waited approximately another hour to 1½ hours to be escorted by Sheriff Dart's Officers to the Cermak Hospital for to be treated medically for his injured left hand wrist, and therefore the delay was intentionally.

22. After the technician had X-Rayed plaintiff left hand, it then was revealed that I had a fractured wrist in two (2) places.

23. Dr. Gowa then made a splint and wrapped plaintiff wrist and forearm with cloth tape while he was at Cermak, along with putting it in an Ace Bandages too. The plaintiff then was told by Dr. Gowa that he would see a "Bone Specialist" on April 26, 2010. Also, Dr. Gowa gave me a shot in the buttock and medicine for the pain along with that.

24. upon information and belief, at all relevant times, Dr. Gowa was on duty as a medical health care professional, and was acting within the scope of his authority to provide medical care services on behalf of Cook County to us Detainees.

25. Plaintiff was not seen by a bone specialist on April 26, 2010, as he was told that he would be by Dr. Gowa. But he was not seen by that bone specialist until May 10, 2010, in which was two (2) weeks after his injuries and while he was suffering with excruciating pains in the bone in his wrist.

26. Plaintiff has made numerous requests for such an evaluation by a bone specialist, yet has never seen one or receive therapy for my wrist although I lost use of my left hand. See exhibit A and B.

27. Plaintiff's wrist injury are substantial and objectively Serious. Any further delay in seeking a bone specialist evaluation could cause him severe or iRReparable harm. Therefore, his remedies at law are inadequate as they will not provide him with therapy and the bone specialist evaluation that he needs.

28. Defendants' Cermak Health Services, Thomas Dart and Cook County's refusal to provide plaintiff the right to therapy and to see a bone Specialist examination, for painful and continuing wrist injury caused in the gymasium, rises to the level of a constitutional violation under the Fourteenth Amendment.

29. Thereafter, plaintiff was again Scheduled for therapy on his wrist and fingers on August 27, 2010 and on September 13,

2010. But both dates were canceled each time by cermak Health Services Staff even though he had severely needed that therapy.

30. Again, on September 6, 2010, plaintiff was seen by Nurse Karen who scheduled him for therapy. At that same time, Nurse Karen had too given me some cloth to put on my wrist and arm along with a list of exercises to practice.

31. Although plaintiff was seen by a bone Specialist on May 10, 2010, had his wrist examined and that his arm was then place in a cast by an unknown Doctor, in which Dr. Gowa Should have did that cast instead of putting it in a splint wrap for about 3 week.

32. Plaintiff went back to see that Bone Specialist (name-

unknown) approximately 2 weeks later for to receive a shorter cast and for more follow-up treatment and therapy on his broken wrist.

33. Plaintiff finally gotten his cast removed after writing several grievances and complaints that he had filed concerning it. Then he was told that he would be scheduled for therapy in approximate one (1) week in which never happen than.

34. When that cast was removed there was swelling in plaintiff wrist and numbness in his fingers due to the fact that it has been on about 3 months which was to long of being on. Plaintiff was then taken back to Cermak Health Services to see that bone specialist On August 12, 2010. His arm looks deform!

35. Plaintiff complained to numerous CCDOC and Cermak Health Services staff persons, both orally and in writing, about his pains and

discomfort resulting from the April 24, 2010 wrist fracture, but he has not received any effective treatment for this medical condition thus far. See exhibit A and B.

36. Specifically, On April 26, 27, 2010, plaintif first asked his tier Officer Kozel to call to Cermak Health Services about his appointment with the bone specialist that he never got but he never got a positive response back from that officer.

37. Approximately 10:00 a.m. in the morning the med-Tech Lou came onto the Unit, and handed out the medications to us inmates. At that time, plaintiff told him that he was scheduled to see a bone specialist on April 26, 2010, but that he have not seen one yet. He then said that he would ask about it when he get back to the dispensary why I was not taken to Cermak Hospital for that therapy!

38. At approximately 1:15 a.m. On April 29, 2010, officer Thompson was passing out the lunches and plaintiff told him that he had fracture bones and that he was scheduled for to see a bone specialist on April 26, 2010, but he has not yet seen one. That officer said that I have to be patient and that I wont see one today. He then said that I might not see a specialist until next Monday!

39. At approximately 9:30 a.m. on May 5, 2010, plaintiff spoken with Med-Tech/Paramedic Lou again regarding he not being seen by the Bone specialist. Plaintiff also inform that cermak staff member to the fact that when he was seen by his Dr. Gowa then he told him that he was feeling like the splint that he put on my left arm was feeling like it was cutting into my wrist and skin. Mr. Lou stated that he would call Dr. Gowa personally and see what was going on with me seeing the bone specialist.

40. Thereafter, on May 6, 2010, at approximately 9:30 a.m. and while in my cell I asked Detainee Lashley to inform Lt. Hussey that I had broken bones and that I was suppose to see a bone specialist on April 26, 2010, but I have not see one. She asked that inmate what was my name and when I was suppose to be treated and wrote it on a piece of paper and then said that she would be back, "he said"! She never returned.

41. On May 8, 2010, plaintiff also saw Lt. Young, and talked to him too in regarding him not being able to see the bone specialist" that his Dr. Gowa said he will see. Indeed, I told him too that my arm was wrapped to tight and the circulation was poor. Lieutenant Young said for me to unwrap and rewrap it. Yet, I told him that I could not do so. He then said that I just

had to wait until they called me for the bone Specialist.

42. On May 10, 2010, at approximately 4:00 P.M., I was called down to go to Cermak Health Services where I was finally seen by the Bone specialist. He removed the Ace bandages and splint that my Dr. Gowa put on my left wrist hand on April 24, 2010. That Doctor then put me in a Cast on my left arm from the elbow to the Knuckle joint! My fingers and hand are still swollen up badly. At that time, I was X-rayed again and was told that I would not need surgery by that same Doctor. However, when I then try to use or move my fingers, I experience severe pain from my fingers to elbow.

43. On May 18, 2010, at around 7:00 a.m., plaintiff had informed the Correctional Officer Kozel again that he had swelling in his fingers and need medical attention because

when he touched them or moved them then he had a Sharp pain from his finger to his elbow too. He Stated that he would try to get me on the sick call list. I did not get call to the Doctor's Office after Officer Kozel put my name down on that sick call!

44. On May 19, 2010, at approximately 10:30 a.m. I spoke with Med-Tech Gonzalez and told him too about the swelling in my fingers and the pain which I have daily. He told me that he will put my name and number on a list for sick call that he had with him.

45. On May 23, 2010, at approximately 9:00 a.m. while plaintiff was in the yard, he Showed Lt. Young his swollen fingers and told him that he need medical care because his cast was to tight on his hand. The Lieutenant did observe the swelling fingers and stated that 'the last time

he seen me, I was in a soft cast!' He then said that he would try to get me to Cermak Hospital, and asked me who was the Officer on my Unit, in which I told him that it was officer Kozel. I then brought it to Lt. Young attention again when we were inside the building later on that same day.

46. On May 3, 2010, at about 9:30 a.m. I Spoke with Sergeant Jackson too regarding me seeing the Bone Specialist. He too wrote my name and I.D. number down and said that he would inquire about it.

47. Finally, on May 3, 2010, at about 12:30 a.m. I also Spoke with Paramedic Omek in regarding to me seeing the "Bone Specialist." He stated that the Doctor cannot make arrangement for treatment outside of Cermak Health Services.

48. Defendants' conduct was outrageous and malicious in allowing plaintiff to continuously to Suffer from his wrist injury for months without providing him with the Standard of medical care, in deliberate indifference to his serious medical needs and health.

49. Defendants' Dart, Cook County, Kozel, Moore, Karen, John Doe and Cermak Health Services, thereby inflicted intentional mental and emotional distress upon plaintiff due to he being a member of the black race in violation of his rights under the Fourteenth Amendment and 42 U.S.C. Section 1981.

50. As a direct and proximate result of one or more of the foregoing acts of the Defendants, plaintiff was caused to have broken bones on his wrist while a Detainee at the Cook County Jail "CCJ" without medical treatment and plaintiff then

and there sustained injuries, disability, pain and mental anguish, in both mind and body, and become liable to pay for medical expenses in the future.

51. As a result of Defendants' Cermak Health Services, Cook County and Sheriff Dart's pattern, habit, practice, custom and/or policy of not letting us Detainees see a bone Specialist when they are scheduled to see one because of they do not have one on site at Cermak Health Services, thereby violating plaintiff rights under the Fourteenth Amendment and 42 U.S.C. Section 1983.

52. As a result of April 24, 2010 wrist injury and delayed medical care, plaintiff suffered physical injury and severe pain that continues as of the date of this complaint, including, but not limited to

Severe neck and Shoulder pains that radiated down his left arm and numbness of the fingers, thumb, index finger, and the forearm.

Wherefore, plaintiff prays for judgment against Defendants Dart cook County, Correctional officers Kozel and Moore, Paramedic Lou, Nurse Karen, John Doe, Dr. Gowa and Cermak Health services, and to grant the following relief:

(a) compensatory damages against all Defendants, as plaintiff Stated above in their individual or official capacity, or both and in the amount of one-hundred thousand ($ 100,000,00) dollars; and

(b) Punitive damages for pain and suffering against all Defendants, as plaintiff Stated above either in their individual or official capacity, or both and in the amount

of one-hundred thousand ($100,000,00) dollars; and

(c) Costs, an attorney fees pursuant to the Civil Rights Attorney Fees Act, 42 U.S.C. section 1988, and any other relief this Court deems appropriate.

## Request For Jury Trial

Plaintiff requests a jury trial pursuant to Federal Rule of Civil Procedure 38(a) on all claims for which a jury trial is available.

Wherefore, the plaintiff Submits this Verify Civil Rights Complaint in accordance with 28 U.S.C. section 1746, and he States that the aforemention are true to the best of his Knowledge, and that the other information are

base upon information and belief of which he reasonably believe such information to be true.

Date: 10-8-10, 2010 [signature]

Alex Daniel, Plaintiff
Pro Se

I.D. # 20070087744
Address: Cook County Jail
2700 S. California Ave
P.O. Box 089002
Chicago, Ill. 60608